IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAMTA PATEL-PURI,<br><br>    Plaintiff,<br><br>  v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY et al.,<br><br>    Defendants.<br>_____/ | No. C-05-0455 MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION**<br><br>(Docket No. 33) |

     Before the Court is plaintiff's motion for leave to file a motion for reconsideration of the Court's March 17, 2006 order granting defendants' motion for summary judgment, and denying plaintiff's motion for summary judgment, on the standard of review.

     As plaintiff correctly notes, the Ninth Circuit ordered, after plaintiff's motion for summary judgment was filed but before the scheduled hearing date, that <u>Abatie v. Alta Health & Life Insurance Co.</u> be reheard en banc, and that the "panel opinion [in <u>Abatie</u>] shall not be cited as precedent . . . except to the extent adopted by the en banc court." See <u>Abatie v. Alta Health & Life Insurance Co.</u>, 437 F.3d 860 (9th Cir. 2006). Consequently, the Court will grant plaintiff's motion for leave to file a motion for reconsideration to the extent it is based on the Court's reliance, in its March 17, 2006 order, on the Ninth Circuit's panel decision in <u>Abatie</u>.

Certain of plaintiff's other arguments for reconsideration, however, are based on arguments that were not previously presented to the Court, and plaintiff offers no justification for her failure to do so. Where a party seeks reconsideration on the ground that "a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought," the party must show that "in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order." See Civil L.R. 7-9.

In particular, plaintiff now argues, relying on Mathews v. Chevron, 362 F.3d 1172, 1180-82 (9th Cir. 2004) and Chappel v. Lab. Corp. of America, 232 F.3d 719, 727 (9th Cir. 2000), that the failure of the plan administrator to provide a summary plan description to plaintiff at the earliest possible time requires that the claim be considered as if she were offered enrollment in 1997 and enrolled at that time, and that MetLife's failure to so treat plaintiff's claim demonstrates that it acted under a conflict of interest, and requires de novo review by the Court. Plaintiff never cited Mathews or Chappel in connection with the cross-motions for summary judgment, however, nor has she offered any justification for her failure to do so. Moreover, neither Mathews nor Chappel addresses the standard of review in ERISA cases. Accordingly, plaintiff has not set forth grounds for reconsideration based on the Court's failure to consider Mathews or Chappel.[1]

In addition, plaintiff now argues that MetLife violated the terms of the Plan by initially denying plaintiff's claim, on July 26, 2002, prior to the Plan's deadline for plaintiff to provide proof of disability, and that MetLife's failure to comply with the terms of the Plan demonstrates that it acted under a conflict of interest, and requires de novo review by the Court. No such argument was set forth by plaintiff in connection with the cross-motions for summary judgment, however, and plaintiff again sets forth no justification for her failure to do so. Accordingly, plaintiff cannot base a motion for reconsideration on such grounds.

---

[1] Plaintiff is not precluded, however, from arguing, at the appropriate time, that MetLife abused its discretion by failing to treat her claim as if she had been enrolled in the plan as of 1997.

2

The remainder of plaintiff's motion reiterates arguments considered and rejected by the Court in its March 17, 2006 order.  Pursuant to Civil Local Rule 3-9(c), "[n]o motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered."  See Civil L.R. 3-9(a).

Accordingly, for the reasons set forth above, plaintiff's motion for leave to file a motion for reconsideration is GRANTED to the extent it is based on the Court's citation to Abatie, and is DENIED in all other respects.  Plaintiff shall file her motion for reconsideration no later than April 7, 2006 and shall notice the motion for hearing pursuant to Civil Local Rule 7-2.

This order terminates Docket No. 33.

**IT IS SO ORDERED.**

Dated: March 30, 2006

MAXINE M. CHESNEY
United States District Judge

3