IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAMTA PATEL-PURI,<br><br>   Plaintiff,<br><br>   v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY et al.,<br><br>   Defendants.<br>_____/ | No. C-05-0455 MMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>(Docket No. 39) |

   Before the Court is plaintiff Mamta Patel-Puri's motion for reconsideration of the Court's March 17, 2006 order ("March 17 order") denying plaintiff's motion for summary judgment, and granting defendants' motion for summary judgment, with respect to the standard of review in this ERISA disability benefits action. Defendants Metropolitan Life Insurance Company ("MetLife"), Kaiser Foundation Health Plan, Inc. ("Kaiser") and Kaiser Foundation Health Plan, Inc. Long Term Disability Plan ("Plan") have filed opposition to the motion; plaintiff has filed a reply. Having considered the papers filed in support of and in opposition to the motion, the Court finds the matter appropriate for decision without oral argument, see Civil L.R. 7-1(b), hereby VACATES the June 2, 2006 hearing, and rules as follows.

   The Court granted leave to file a motion for reconsideration solely because the March 17 order contained citations to Abatie v. Alta Health & Life Ins. Co., 421 F.3d 1053

(9th Cir. 2005), which the Ninth Circuit, after plaintiff's motion for summary judgment was filed but before the Court's order was issued, had agreed to rehear en banc. See Abatie v. Alta Health & Life Insurance Co., 437 F.3d 860 (9th Cir. 2006). For the reasons set forth below, the Court's citation to Abatie does not require reconsideration of the findings set forth in the Court's March 17 order.

The Court initially cited Abatie as one of three cases supporting the general proposition that courts, in determining whether a plan fiduciary's apparent conflict of interest affected its denial of a claim, focus on the manner in which the plan fiduciary processed that claim. (See March 17, 2006 Order at 8.) Because the other two cases cited also support that proposition, which, in any event, is hardly controversial, the Court's citation to Abatie as an additional example had no material effect on the Court's decision.

The next citation to Abatie appears in connection with the Court's consideration of the reasons provided by defendants for the denial of plaintiff's claim. (See March 17, 2006 at 9-10.) In particular, the Court cited Abatie's observation that the Ninth Circuit has never held "'that an ERISA administrator's assertion of a supplemental reason for denying a claim subsequent to the initial denial is sufficient evidence to demonstrate that a plan administrator has breached its fiduciary duties to the beneficiary.'" (See id. at 10 (quoting Abatie, 421 F.3d at 1061).) Plaintiff has cited no authority demonstrating this statement mischaracterizes Ninth Circuit jurisprudence.

Lastly, the Court, after noting it was "aware of no authority requiring an ERISA defendant to evaluate medical evidence of disability where such evidence is not relevant to the grounds for denial of the claim," cited Abatie, specifically, a statement therein that a plan fiduciary's "'failure to discuss non-probative evidence does not constitute material, probative evidence that the fiduciary's self-interest has led to a breach of its fiduciary obligations.'" (See March 17 order at 11 (quoting Abatie, 421 F.3d at 1062).) Plaintiff has pointed to no authority suggesting to the contrary.

Accordingly, plaintiff has not demonstrated good cause for reconsideration of the Court's March 17 order, and her motion for reconsideration is hereby DENIED.

1       The Court will, however, amend the order to delete all references to <u>Abatie</u>.

2       This order terminates Docket No. 39.

3       **IT IS SO ORDERED.**

4 Dated: May 26, 2006                           MAXINE M. CHESNEY

5                                                     United States District Judge