IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAMTA PATEL-PURI,<br><br>    Plaintiff,<br><br>  v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY et al.,<br><br>    Defendants.<br>_____/ | No. C-05-0455 MMC<br><br>**ORDER AFFORDING PARTIES OPPORTUNITY TO FILE SUPPLEMENTAL BRIEFS ADDRESSING NEW LAW** |

Before the Court are the parties' cross-motions for summary judgment. In an order dated August 9, 2006, the Court vacated the August 11, 2006 hearing on the motions. Thereafter, on August 15, 2006, the Ninth Circuit issued an en banc opinion, Abatie v. Alta Health & Life Ins. Co., 2006 WL 2347660 (9th Cir. Aug. 15, 2006), in which the Ninth Circuit set forth new law with respect to the manner in which district courts review a plan administrator's denial of an application for ERISA benefits.

On August 18, 2006, plaintiff filed a three-page "Request to Apply New Law re: Standard of Review," in which plaintiff alerted the Court to the existence of the Abatie decision, in accordance with Civil Local Rule 7-3(d). Plaintiffs' request summarized the Abatie decision, but did not contain argument as to how Abatie might apply to the instant action. Thereafter, on August 22, 2006, defendants filed a three-page "response," in which they argued the applicability of Abatie to the instant litigation. On the following date,

1 August 23, 2006, plaintiff filed a four-page "reply," in which she (1) argued that defendant
2 violated Civil Local Rule 7-3(d) by submitting argument as to the applicability of Abatie, and
3 (2) responded briefly to defendants' argument.

4 As plaintiff notes, Civil Local Rule 7-3(d) authorizes the parties to "bring to the
5 Court's attention a relevant judicial opinion published after the date the opposition or reply
6 was filed by serving and filing a Statement of Recent Decision, containing a citation to and
7 providing a copy of the new opinion – without argument." See Civil L.R. 7-3(d).
8 "Otherwise, once a reply is filed, no additional memoranda, papers or letters may be filed
9 without Court approval." See id.  Here, both parties violated Civil Local Rule 7-3(d).
10 Plaintiff violated the Rule by summarizing the Abatie opinion instead of providing a copy of
11 it, and by filing a reply to defendants' response without seeking prior approval from the
12 Court; defendants violated the Rule by submitting its response without seeking prior
13 approval from the Court.

14 Nonetheless, because Abatie is an important new opinion relating to the issues
15 presented in the instant action, the Court will consider the memoranda the parties have
16 filed.  Moreover, because it is unclear whether the parties have had adequate time to
17 consider how Abatie may impact the resolution of the instant litigation, the Court will afford
18 the parties an additional opportunity to file supplemental briefs addressing Abatie.

19 Accordingly, no later than September 15, 2006, the parties may file supplemental
20 memoranda of no longer than ten pages in length addressing how Abatie applies to the
21 instant litigation.  If either party is content to rely on the briefing already filed, that party
22 shall file a notice so stating.

23 **IT IS SO ORDERED.**

24 Dated: August 25, 2006
25 MAXINE M. CHESNEY
United States District Judge